**In the Matter of MORGAN STRAWBERRY FARM, L.D. Cunningham, Naomi Cunningham and Rex Cunningham, Debtors.**

Bankruptcy No. 88–5225–8B2.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 28, 1989.

Jeffrey W. Warren, Tampa, Fla., for debtors.

Chris Larimore, Bradenton, Fla., trustee.

Clyde C. Goebel, Bradenton, Fla., for Lake City Bank.

ORDER ON MOTION TO DISMISS
FILED BY LAKE CITY BANK

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS CAUSE came on for consideration upon the Motion to Dismiss filed by the

Creditor, Lake City Bank, in the above-styled case. The Court reviewed the Motion along with the record, heard arguments of counsel, and reviewed briefs in support of and opposing the Motion. The facts relevant and germane to the case are as follows:

Morgan Strawberry Farm is a partnership located in Palmetto, Florida. Partnership interests are owned by L.D. Cunningham and Naomi Cunningham, husband and wife, and Rex Cunningham, their son. The partnership profit and loss are allocated 50% to L.D. Cunningham and his wife, and 50% to their son Rex. On September 6, 1988, the Debtors filed a Chapter 12 Petition in the United States Bankruptcy Court, Tampa, Florida. The Petition characterized the individual Debtor, L.D. Cunningham, as a farmer who earned over one half of his gross income from farming. His wife has no income.

 Lake City Bank, a secured creditor (Creditor), filed a Motion to Dismiss. The Motion alleged, inter alia, the Debtors do not qualify as farmers under either the provisions of 11 U.S.C. § 101(18) in that the Debtors' income was not derived from farming operations, or under 11 U.S.C. § 101(17) in that less than 80% of their income for the preceding taxable year was from farming operations. The Creditor contends the Debtors have not been engaged in farming operations as defined by 11 U.S.C. § 101(17) and (18) therefore the Debtors are not farmers under Chapter 12 of the Code. The burden of proof in establishing eligibility for bankruptcy relief is on the party filing the petition. *In re Rott,* 73 B.R. 366, 371 (Bankr.D.N.D.1987). The Debtors present strong arguments in support of their characterization as "farmer" or in the alternative "family farmer." They contend the Cunningham family owned and operated farm land in Indiana since 1957. In 1978, Morgan Strawberry Farm in Florida was purchased and consistently operated concurrently with the Indiana farm until 1985. In 1985, the Debtors began experiencing difficulties in Florida due to high interest rates, crop losses and lack of operating capital. As a result of these difficulties, in 1985 the Cunninghams leased the Indiana Farm to a local Indiana farmer on a yearly basis and suspended operations on the Florida strawberry farm. L.D. Cunningham found employment as a medfly specialist with the U.S. Department of Agriculture. Rex Cunningham is now employed as a foreman of a local farm owned by another farmer. The Debtors argue the legislative history of Chapter 12 clearly shows Congress' concern with the economic plight of families who lived on the farm. They argue the definition of the term "farming" is non-exhaustive. They urge the Court to evaluate the question utilizing the "totality of the circumstances" approach advocated by the dissent in *In re Armstrong,* 812 F.2d 1024, 1031 (7th Cir.1987) and followed by the Courts in *In re Rott,* 73 B.R. 366 (Bankr.D. N.D.1987); *In re Burke,* 81 B.R. 971 (Bankr.S.D.Iowa 1987); *In re Welch,* 74 B.R. 401 (Bankr.S.D.Ohio 1987); *In re Mikkelsen Farms, Inc.,* 74 B.R. 280 (Bankr.D. Or.1987); *In re Jessen,* 82 B.R. 490 (Bankr. S.D.Iowa 1988); and *In re Paul,* 83 B.R. 709 (Bankr.D.N.D.1988). Finally, the Debtors argue the partnership's eligibility for relief under Chapter 12 turns on whether the partnership's activities are considered "farming operations". We concur.

The terms "family farmer", "family farmer with regular annual income", "farmer", and "farming operation" are defined by the Code. The definition of "family farmer" includes:

> ... a partnership in which more than 50 percent of the outstanding stock or equity is held by one family, ... and such family ... conduct the farming operation, and more than 80 percent of the value of its assets consist of assets related to the farming operation; its aggregate debts do not exceed $1,500,000 and not less than 80 percent of whose aggregate noncontingent, liquated debts ... on the date the case is filed, arise out of a farming operation owned or operated by such partnership ... 11 U.S.C. § 101(17)(B)(i), (ii).

A "family farmer with regular annual income "means family farmer whose annual income is sufficiently stable and

regular to enable such family farmer to make payments under a plan under Chapter 12 of this title." 11 U.S.C. § 101(18).

A "farmer" means (except when such term appears in the term "family farmer") person that received more than 80 percent of such person's gross income during the taxable year of such person immediately preceding the taxable year of such person during which the case under this title concerning such person was commenced from a farming operation owned or operated by such person. 11 U.S.C. § 101(19).

"Farming operations" includes farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry, or livestock, and production of poultry or livestock products in an unmanufactured state. 11 U.S.C. § 101(20).

In *In re Armstrong*, the Debtor rented farmland to a non-relative and received an initial cash pre-payment. Armstrong argued he actively participated in tillage of the crops and he provided fertilizer for the acreage although this was not required under the lease. The Court held this was not a risk-laden venture in the nature of farming.

Other courts have rejected the stringent test of *Armstrong*, and have utilized a totality of circumstances test as previously argued by the Debtors. Such circumstances include: (1) whether there is a physical presence of family members on the farm, (2) whether the leasing land is a form of scaling down of previous farm operations, (3) what the form of any lease arrangement is, (4) whether, as of the filing date, the entity had ceased all of its own investment of assets and labor to produce corps or livestock, *see, Mikkelsen Farms* at 285, and (5) whether the lease was on a crop share arrangement or a cash rent arrangement, *see, Burke,* at 976. This Court finds the Debtors have not engaged in "farming operations" under either the *Armstrong* test or the "totality of circumstances" test. Clearly, applying *Armstrong*, the Debtors have no risk of the type contemplated by the Code. Ulitizing the "totality of circum-

stances" approach, the Court finds no persuasive facts to substantiate such characterization. The Debtors had not farmed the land in over three years. There is no indication they intended to return to farming. No family member was actively participating in farming the land. There is no evidence the land was rented for consideration other than cash (verses crop share basis). *See, Mikkelsen Farms, supra.* As such, the Court concludes, as we must, the Debtors were not engaged in farming operations and have not met the eligibility test of a "farmer" or "family farmer" as contemplated by the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED and DE-CREED the Motion to Dismiss filed by the Creditor, Lake City Bank, be, and the same, is hereby granted.

DONE AND ORDERED.